## *NOAH PIKE versus JOSEPH HUCKINS.

If the plaintiff in replevin becomes nonsuit, the defendant recovers damages to the amount of *six per cent.* on the penal sum of the bond; as well when the taking was on *mesne* process, as on execution.

THIS was an action of *replevin*, in which the plaintiff was non-suited. The goods had been attached, on *mesne process*, by the defendant, who was an officer; and the only question now before the Court was, what damages the defendant was entitled to recover.

For the defendant it was said that he ought to recover six per cent. on the penal sum of the bond; the statute of June 25, 1789, (*stat.* 1789, *c.* 26, § 9,) having enacted that "in case the plaintiff in replevin shall neglect to enter and prosecute the suit, the defend ant may have judgment for a return, &c., and the damages for the taking, to the amount of six per cent. on the bond."

For the plaintiff it was said that in cases of taking on *mesne* process, the damages were to be ascertained by an inquiry into the par-ticular circumstances of each case, (not, however, in any case, going beyond *six per cent.* on the penal sum of the bond,) which was im-plied by the expression in the statute, "*may*" have damages to that amount. In case the taking had been on execution, the statute has provided that "the interest of *six per cent.* on the penal sum of the bond *shall* be taken as the rule for estimating the plaintiff's dam-ages;" and the reason is obvious; for in *that* case there is an ascertained debt; but in the case of taking on *mesne* process, the plaintiff in such suit may have no cause of action; or he may not recover, ultimately, more than ten dollars, when the bond was given for two thousand; and, therefore, the damages to be recovered by the defendant in this action were dependent, and ought to be, upon the particular circumstances of the case.

But the Court (*Sedgwick, Sewall,* and *Thacher,* jus-tices) said that the rule, under the statute, was * uniform [ * **422** ] for estimating the damages; that they were in all cases to be *six per cent.* on the penal sum on the bond; (1) that if the plaintiff attaching, fails to support his action, the officer is then

(1) It has since been settled that by the true construction of the statute of replevin, six per cent. is there prescribed as the rule of damages in two cases *only*—when the plaintiff fails to prosecute his writ of replevin, and when a plaintiff unlawfully replevies goods seized on execution, and the officer has judgment in return; and that *in all other cases,* the defendant's damages must be assessed according to the extent of the injury he has suffered.—vol. iv. 614, *Bruce* vs. *Learned.*—[*Wood* vs. *Braynard,* 9 *Pick.* 322.—*Ladd* vs. *North,* 2 *Mass.* 516.—*Buffington* vs. *Curtis & Al.,* 15 *Mass.* 528 —*Huggeford* vs. *Ford,* 11 *Pick.* 223.—*Mattoon* vs. *Pearce,* 12 *Mass.* 406.—ED.]

accountable to the defendant in that action whose goods he had attached; and is to pay over to him the *six per cent.* damages recovered, and redeliver the goods. In the other case, supposed by the counsel for the defendant, the officer (as the case may be) is accountable to both the creditor and debtor; to the creditor, to the amount of his judgment, and to the debtor, for what may remain in his (the officer's) hands, after satisfying the creditor; that the officer is merely a trustee, and, after indemnifying himself, is accountable over. (2)

The plaintiff in replevin who fails to support his action, and is, therefore, proved to be a wrong-doer, by having intermeddled with property to which he had no right, has nothing to do with the merits of the claim of the attaching creditor. And the damage to the real owner of the goods is precisely the same in cases of attachment as in those of taking on execution. Therefore, *per cur.* unanimously, let judgment be entered for the defendant to recover damages to the amount of *six per cent.* on the penal sum of the bond.

*P. Mellen* for the plaintiff.
*Emery* for the defendant.

(2) Vide acc. post, vol. viii. 147, *Arnold* vs. *Allen.*